American Salt & Coal Company, Appellee, v. Strange Brothers Hide Company, Appellant.

**SALES:** **Requisites of Contract—Unaccepted Order.** Necessarily, no contract of sale results from a mere written order signed by the intended purchaser and delivered to an agent known to have no authority to accept it, and especially so when the order was conditioned on acceptance by the ''general office,'' and was affirmatively rejected by the latter.

Headnote 1: 35 Cyc. p. 50.

*Appeal from Woodbury District Court.*—Miles W. Newby, Judge.

February 16, 1926.

Action on account for an invoice of salt. This account is

admitted, and no controversy is presented thereon. The defendant, however, presented a counterclaim for damages for breach of an alleged contract whereby the defendant ordered a certain invoice of salt from the plaintiff at specified prices, and whereby the plaintiff agreed to deliver such invoice at the prices named. The measure of damages claimed is predicated upon alleged discounts which would have been otherwise due to the defendant, and upon an alleged advance in market value of a part of the stock so ordered. The plaintiff denied the alleged contract set up in the counterclaim. At the close of the evidence, the district court directed a verdict for the plaintiff for the amount of its account, and refused to submit the counterclaim to the jury. The defendant has appealed.—*Affirmed.*

*Griffin, Griffin & Griffin,* for appellant.

*Hess, Crary & Crary,* for appellee.

EVANS, J.—It appears from the record that one Coates was the agent of the plaintiff, with limited authority, and that the limitation upon his authority was made known to the defendant. In negotiations between the defendant and Coates, an order upon the plaintiff for certain quantities of salt to be shipped to the defendant was signed by the defendant and delivered to Coates, who forwarded the same to the plaintiff. This order specified the prices. The order blank upon which the order was written expressly provided that it was subject to acceptance by the "general office." Coates did not purport to sign the name of the plaintiff-company to such order. The order was never accepted or approved by the plaintiff-company. On the contrary, it was affirmatively rejected. The evidence relied on by the defendant to establish liability was oral, and was received, in the first instance, subject to proper objection on the ground of the statute of frauds. At the close of the evidence, the court sustained the objections and struck the evidence, and ordered judgment. We see no basis in the record for the defendant's contention. It is argued that there was an acceptance of the order by implication, because of delay in rejecting the order. It is urged that, where an agent exceeds his authority and such

fact comes to the knowledge of the principal, then repudiation must be prompt. *Argus v. Ware & Leland,* 155 Iowa 583.

But no such question is presented upon this record. Coates did not exceed his authority. The defendant signed the order knowing that it could become effective only upon acceptance at the "general office." No part of the consideration was paid, no partial performance was made, nor was there any acquiescence by the plaintiff. Some reliance is put upon evidence that, after the order had been transmitted, Coates informed the defendant that such order was being executed, and that the salt was being loaded for shipment. If this evidence was offered as proof that the order had been accepted, it was as objectionable under the statute of frauds as any other oral evidence. If the plaintiff had in fact shipped the goods, or any part thereof, a different question would be presented.

We think the district court ruled properly. Its judgment is, accordingly, affirmed.—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.